IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JIMMY DEWAYNE STANLEY, JR.                                    PLAINTIFF

v.                          No: 4:25-cv-00934-DPM-PSH

DREW COUNTY DETENTION FACILITY, *et al.*                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jimmy Dewayne Stanley, Jr., an inmate at the Drew County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 11, 2025 (Doc. No. 2), along with an application for leave to proceed *in forma pauperis* ("IFP") (Doc. No. 1). Stanley alleges he has been denied medical treatment at the Drew County Detention Facility. Doc. No. 2 at 4. Specifically, he

alleges that medicine ordered by a doctor on August 19 was delayed until August 27, when he finally received the medication. *Id.*

Stanley is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Stanley were dismissed for failure to state a claim before he filed this lawsuit: *Stanley v. Jefferson Comprehensive Care Clinic, et al,* 4:25cv00674-JM (E.D. Ark.) (dismissed July 11, 2025, for failure to state a claim); *Stanley v. Drew Memorial Hospital, et al.,* 4:25cv00679-BSM (E.D. Ark.) (dismissed Aug. 1, 2025, for failure to state a claim); *Stanley v. Health-Care Pharmacy,* 4:25cv00714-JM (E.D. Ark.) (dismissed Aug. 4, 2025, for failure to state a claim); and *Stanley v. Sherril,* 4:25-cv-712-JM (E.D. Ark.) (dismissed Sep. 8, 2025, for failure to state a claim). The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an

"ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Stanley alleges that he did not receive medicine prescribed by a doctor between August 19 and August 27, but that he eventually received his medication. Doc. No. 2 at 4. He does not describe any ongoing problems due to the delay in receiving his medication. Stanley may only proceed *in forma pauperis* with respect to claims stemming from an ongoing threat of serious physical injury. *See Martin v. Shelton,* 319 F.3d at 1050 ("Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Stanley makes no allegation that there is an ongoing threat to his physical safety. Accordingly, Stanley may not proceed in this case unless he pays the $405 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. Stanley's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Stanley be given thirty days to reopen the case by paying the $405 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 16th day of September, 2025.

_____
UNITED STATES MAGISTRATE JUDGE